IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CLIFFORD E. TATUM, § | |
|     Plaintiff § | |
| § | CIVIL ACTION NO. 2:18-cv-248 |
| V. § | |
| § | |
| HEINZ-WERNER DIETER MOENNICH § | |
| and DHESI ENTERPRISES LTD. § | |
|     Defendants. § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE THE OPINION TESTIMONY OF WILLIAM BRUCE JONES, PH.D. RELATED TO TRAUMATIC BRAIN INJURY**

    **A.    William Bruce Jones, PH.D. is not a Licensed Medical Doctor**

Defendants motion appears to be critical of the fact William Bruce Jones, PH.D. is not a licensed medical doctor, and therefore is not qualified to render opinions regarding his interpretation of a comprehensive battery of tests for the purpose of determining what deficits, if any, were present in brain behavior functioning. It is a surprising position considering Defendants' own retained expert, Corwin Boake, Ph.D., is also not a licensed medical doctor.

A neuropsychological test battery is an array of test designed and validated to measure the area of behavioral functions mediated by the brain, such as attention, memory, problem solving, complex planning abilities, language usage, perceptual skills, motor functioning, and general intellectual skills. The tests are very sensitive to brain injury or dysfunction and are given in a large battery format to allow cross checking of abilities across many tests to ensure valid and reliable results.

Mr. Jones, PH.D., just like Defendants' retained expert Mr. Boake, PH.D. (not M.D.), is not required to be a licensed medical doctor to perform neuropsychological

testing and interpret the results. If a medical license was required to perform this testing and interpret the results, why would the Defendants be asking this Court to compel an examination of Plaintiff by their own expert, who's also not a licensed medical doctor. This argument by Defendants is borderline frivolous.

### B. Dr. Jones' Opinions are Based on Faulty Underlying Data

Dr. Jones' opinions are based on his personal interview with Plaintiff and Plaintiff's wife, records and documents provided by counsel, his administration of a full day of testing, and his interpretation of the test results in accordance with his knowledge, training and education.

Defendants continually refer to the ambulance and emergency room records to take the position there is no way Plaintiff sustained a traumatic brain injury, because the records say he did not lose consciousness. It is not surprising a local EMT and small town emergency room did not diagnose Plaintiff with a traumatic brain injury. It is not their job and they are not qualified to do so.

Defendants conveniently ignore evidence from statements taken soon after the crash. The statement below is from Mandy Glasenapp who was at the scene of the crash and is a co-driver of Defendant Moennich.

```
 5  CHHIBBER:   OKAY WHAT WAS THE CONDITION OF THE DRIVER? HOW WAS THAT DRIVER?
 6  GLASENAPP:  HE WAS...HE WAS VERY...HE HAD A GOOD SLEEP BEFORE HE START DRIVING
 7              SO...
 8  CHHIBBER:   I'M REFERRING TO THE PICKUP DRIVER.
 9  GLASENAPP:  OH HE...HE PASSED OUT.
10  CHHIBBER:   OKAY.
11  GLASENAPP:  SO FOR...I DON'T KNOW COUPLE MINUTES.
```

See Ex. A.

This statement is from Defendant Moennich.

> I WONDERED FROM WHERE DID THIS PICKUP COME FROM. A MALE IN HIS 30'S CALLED 911. POLICE CAME FIRST. THEY WERE FAST. THEN CAME FIRE & AMBULANCE. ALL WERE ON SCENE IN LESS THAN 10 MINUTES. DURING THIS TIME, THE DRIVER OF THE PICKUP WAS STILL INSIDE HIS PICKUP. THIS DRIVER WAS NOT MOVING FOR GOOD 2 TO 3 MINUTES. WHEN POLICE OPENED DOOR OF HIS PICKUP, HE WAS ABLE TO TALK TO THE POLICE. I DID NOT TOUCH THIS DRIVER AS I AM NOT A DOCTOR OR A PARAMEDIC.

*See* Ex. B. Pg. 2.

The fact the ambulance and medical records do not state Plaintiff lost consciousness is a red herring and in no way affects Dr. Jones' opinions in this case. The statement in Defendants' motion that Plaintiff "again reported that he did not lose consciousness in the accident" is also misleading. The records do not indicate where the information in the records came from. The records only state that Plaintiff did not lose consciousness, not that Plaintiff told the medical providers this information.

Finally, the ambulance records also state "Pt was restrained driver with no air bag deployment, Pt vehicle has primary damage to passenger side with no damage to driver's side." This is not correct and everyone knows it.

> WE WERE NOT ABLE TO TALK TO THIS DRIVER AT ALL. DRIVER HAD A SCRATCH MARK ON HIS HEAD. HE WAS NOT BLEEDING. AIR BAG WAS DEPLOYED. THERE WAS NO PASSENGER IN THIS PICKUP. PICKUP WAS FULL
>
> THE DAMAGE TO THE P/U WAS IN THE FRONT - MOSTLY ON THE DRIVER SIDE.

*See* Ex. B. Pgs. 3 & 4.

Merely because something is in a medical record, does not always make it true. The evidence in this case clearly supports the Dr. Jones' diagnosis of a traumatic brain injury. *See* Ex. C & D.

### C. Plaintiff Didn't Receive Treatment for a Head Injury Immediately

It is true Plaintiff did not receive any treatment for his head injury immediately after the crash. Even though my maternal grandparents are both buried in Carthage, Texas, I still have to admit the medical options in Carthage and the surrounding area isn't the greatest. Even after Dr. Kerr recognized Plaintiff's cognitive/psychological issues and made a referral to a neurologist in Shreveport, LA, Plaintiff was unable to find a neurologist in Shreveport who would see him. Defendants want to use this against Plaintiff to argue he must not have been hurt. Fortunately for Plaintiff, he was able to finally get the proper diagnosis and evaluation by Dr. Jones and Dr. Savant.

### D. Dr. Jones Methodology is Faulty Because of an ICD Code

Defendants criticize Dr. Jones' opinions because he made a diagnosis of:

**G31.84 Traumatic Brain Injury**

As indicated in Exhibit E, ICD diagnosis codes are used to indicate a diagnosis for reimbursement purposes. Additionally, the ICD code referenced by Dr. Jones is applicable to "Mild neurocognitive disorder" and Approximate Synonyms for ICD-10-CM Diagnosis Code G31.84 includes "Mild neurocognitive disorder co-occurrent and due to traumatic brain injury" and "Mild neurocognitive disorder due to traumatic brain injury"

### E.  Dr. Jones' Opinions are No Evidence of Causation

Dr. Jones does not and will not opine on whether the traumatic brain injury was caused by the crash.  Dr. Jones' role was and is to perform a neuropsychology evaluation of Plaintiff, interpret the results, and issue his findings.  Dr. Shelly N. Savant, a board certified medical doctor in Psychiatry and Neurology will opine on causation.

### F.  Dr. Jones isn't Qualified to Diagnose Pathological Abnormalities

As previously stated and clearly stated in Dr. Jones' report, his opinions are based his personal interview of Plaintiff and Plaintiff's wife, documents and records provided by counsel, the neuropsychological testing of Plaintiff, and his interpretation of the test results based on his knowledge, skill and training.  Defendants again take an interesting approach by using statements by their own neuropsychology expert to argue Dr. Jones isn't qualified to give certain opinions.  If Dr. Jones isn't qualified, what makes Mr. Boake qualified to give his opinions?

FOR THESE REASONS, Plaintiff asks the Court to Deny Defendants' Motion to Strike the Opinion Testimony of William Bruce Jones, PH.D. Related to Traumatic Brain Injury, and for all other just relief.

Respectfully submitted,

**THE LAW OFFICE OF**
**DANIEL D. HOROWITZ, III, PC**

By: **/S/ DANIEL D. HOROWITZ, III**
DANIEL D. HOROWITZ
State Bar No. 24036804
SDT No. 33144
2100 Travis Street, Suite 280
Houston TX  77002

        832-460-5181
        832-266-1478 Facsimile
        daniel@ddhlawyers.com

**LEAD ATTORNEY FOR PLAINTIFF**

**OF COUNSEL:**

**UNDERWOOD LAW FIRM**

By: ***/S/R. COLLIN UNDERWOOD***
    R. Collin Underwood
    State Bar No.  24034056
    P.O. Box 1138
    324 West Panola
    Carthage, Texas 75633
    903.693.2303
    903.693.2356 fax
    collin@underwoodlawoffice.net

## CERTIFICATE OF SERVICE

    I do hereby certify that on this the 21st day of March, 2019, a true and correct copy of the above and foregoing document was duly served upon the Defendant or Defendant's attorney of record by electronic transfer in accordance with the Federal Rules of Civil Procedure.

        */s/ Daniel D. Horowitz, III*
        DANIEL D. HOROWITZ, III

Melanie R. Cheairs
Brennen Borze
Lorance Thompson
2900 North Loop West, Suite 500
Houston, Texas 77092
713-868-5560 Telephone
713-868-4671 Facsimile
*Counsel for Defendants, Heinz-Werner Dieter Moennich and Dhesi Enterprises Ltd.*