IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CLIFFORD E. TATUM,<br>　　　　Plaintiff<br><br>V.<br><br>HEINZ-WERNER DIETER MOENNICH<br>and DHESI ENTERPRISES LTD.<br>　　　　Defendants. | §<br>§<br>§　　CIVIL ACTION NO. 2:18-cv-248<br>§<br>§<br>§<br>§<br>§ |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO LIMIT AND/OR EXCLUDE THE OPINION TESTIMONY OF JOYCE C. BECKWITH, WILLIAM BRUCE JONES, AND DR. SHELLY N. SAVANT

It appears the majority of Defendants' motion is nothing more than a restatement of Defendants' Motion to Strike the Opinions of Dr. William Bruce Jones Testimony. [Doc. 28]. Therefore, Plaintiff incorporates, in its entirety, Plaintiff's previously filed Response to Defendants' Motion to Strike Opinions of Dr. Jones Testimony and exhibits. [Doc. 37].

### A. Savant & Beckwith Merely Reiterate Dr. Jones' Opinions

Defendants basically spend the rest of their motion asking the Court to strike the reports of Joyce C. Beckwith and Dr. Shelly N. Savant on the basis their opinions are nothing more than a "parroting" of Dr. Jones' report. This is not true. Defendants cherry-pick a single sentence from the *Bouygues Telecom, S.A. v. Tekelec* 472 F.Supp.2d 722 (E.D. N.C. 2007) opinion to argue that Ms. Beckwith and Dr. Savant are precluded from relying on Dr. Jones' report and opinions in formulating their opinions. *See* [Doc. 27] Pg. 8. This position is misleading and not the law.

Generally, Rule 703 permits expert opinion to be based upon personal knowledge, admissible evidence, or inadmissable evidence if it is "of a type reasonably

relied upon by experts in the particular field in forming opinions of inferences upon the subject. Fed. R. Evid. 703, See Ex. A (*Bouygues* at 728.) Accordingly, expert opinion which relies upon the information or opinion of others is acceptable, provided it is the sort of opinion reasonably relied on by experts in the relevant area of expertise. *Id.*

Dr. Savant is double board certified in neurology and psychiatry and also a certified life care planner. She is not a neuropsychology expert trained in performing neuropsychology testing like Dr. Jones. Neurologist such as Dr. Savant reasonably, regularly and routinely rely on neuropsychology evaluations like the one performed by Dr. Jones. This is exactly the situation allowed by the Federal Rules of Evidence.

Defendants again cherry-pick a single sentence from the *CNH America, LLC v. Champion Environmental Services*, 863 F. Supp. 2d 793, 803 opinion for the position Ms. Beckwith and Dr. Savant's reports/opinions are unreliable because they relied on other experts' reports. Ex. B. This is not the holding from the case. In *CNH America,* the Court found that the argument that an expert's opinion was unreliable because he relied on another's testimony, alone was not enough to strike the expert's opinion as unreliable. *Id.* The Court went on to hold the expert's methodology would have been flawed had he relied ***only*** on the other expert's testimony, but the expert's methodology was more inclusive than merely serving as a conduit of the other expert's opinion. *Id.* Therefore, it would be improper to strike the expert's opinion. *Id.* Finally, the Court held because the expert based his opinions on multiple considerations, "CNH's piecemeal challenges to the reliability of his opinions are unsuccessful" and denied the motion to strike. *Id*. at 805.

It should also be pointed out, the same Court analyzed the argument the expert should be struck because the expert improperly relied on a test report drawn from sampling which had since been discredited. *Id.* at 803-804. While not discussed in this motion, this is very similar to the arguments Defendants make in their Motion to Strike the Opinions of Dr. Jones Testimony. [Doc. 28]. In that motion, Defendants argued that Dr. Jones' opinions are unreliable because the ambulance and ER records do not mention a traumatic brain injury. The Court in *CNH America* rejected the argument and held "[t]his is a quintessential 'battle of the experts,' and CNH's concerns speak to credibility, not admissibility." *See CNH America* at 804.

**B. Beckwith and Savant Opinions are Unreliable**

Defendants argue that Ms. Beckwith and Dr. Savant's opinions are unreliable because they relied solely on Dr. Jones and they failed to do anything else. This again is just not true. Attached for the Court are the redacted reports of Joyce Beckwith and Dr. Shelly Savant. *See* Ex. C & Ex. D.

Dr. Savant personally examined and interviewed Plaintiff, interviewed Plaintiff's wife, held a teleconference with Dr. Jones, attempted on 5 occasions to speak with Dr. Eubulus Kerr, reviewed Plaintiff's medical records, reviewed the crash report, reviewed photographs, and reviewed Dr. Jones' neuropsychology report. Based on all of this work, her training, education, and experience (which the Defendants do not challenge), Dr. Savant issued the opinions contained in her report. This is not a situation where an unqualified expert merely recites the opinions of another expert. Dr. Savant came to her own conclusions based on the information provided and her personal examination of Plaintiff.

As for Joyce Beckwith, she also reviewed the records listed above, reviewed employment records, Social Security Administration records, Internal Revenue Service records, interviewed Plaintiff, and discussed her findings with Dr. Savant.  Defendants are correct when they say "Beckwith is not qualified to make independent medical determinations regarding Tatum's physical limitations."  However, nowhere in her report does Ms. Beckwith make any independent medical determinations.  Ms. Beckwith was retained to provide expert opinion regarding Plaintiff's vocational ability and cost of future medical needs.

Defendants criticize Ms. Beckwith and claim she provides no basis for her opinions. In accordance with her training, education, and experience (which the Defendants do not challenge), she developed her own opinions based on the information provided and her interview with Plaintiff.  Plus she clearly states in her report:

> The patient was considered in accord with AMA, APA, CRCC, IARP and ICHCC guidelines, U.S. Department of Labor occupational methodology and according to reasonable health, safety and welfare considerations.  Updates regarding this patient, methods of assessment and report(s) of additional consultation may follow.

*See,* Ex. C. Pg. 5.

FOR THESE REASONS, Plaintiff asks the Court to Deny Defendants' Motion to Limit and/or Exclude the Opinion Testimony of Joyce C. Beckwith, LRC, CRC, CLCP, William Bruce Jones, PH.D., and Shelly N. Savant, MD, CLCP, and for all other just relief.

Respectfully submitted,

**THE LAW OFFICE OF
DANIEL D. HOROWITZ, III, PC**

By: ***/S/ DANIEL D. HOROWITZ, III***
       DANIEL D. HOROWITZ
       State Bar No. 24036804
       SDT No. 33144
       2100 Travis Street, Suite 280
       Houston TX  77002
       832-460-5181
       832-266-1478 Facsimile
       daniel@ddhlawyers.com

**LEAD ATTORNEY FOR PLAINTIFF**

**OF COUNSEL:**

**UNDERWOOD LAW FIRM**

By: ***/S/R. COLLIN UNDERWOOD***
       R. Collin Underwood
       State Bar No.  24034056
       P.O. Box 1138
       324 West Panola
       Carthage, Texas 75633
       903.693.2303
       903.693.2356 fax
       collin@underwoodlawoffice.net

## CERTIFICATE OF SERVICE

      I do hereby certify that on this the 21st day of March, 2019, a true and correct copy of the above and foregoing document was duly served upon the Defendant or Defendant's attorney of record by electronic transfer in accordance with the Federal Rules of Civil Procedure.

                                                  ***/s/ Daniel D. Horowitz, III***
                                                  DANIEL D. HOROWITZ, III

Melanie R. Cheairs
Brennen Borze
Lorance Thompson
2900 North Loop West, Suite 500
Houston, Texas 77092
713-868-5560 Telephone
713-868-4671 Facsimile
*Counsel for Defendants, Heinz-Werner Dieter Moennich and Dhesi Enterprises Ltd.*